# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HELEN MONTGOMERY,**

       **Plaintiff,**

**-vs-**                                                **Case No. 6:06-cv-1639-Orl-31KRS**

**FLORIDA FIRST FINANCIAL GROUP, INC.,**

       **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION TO COMPEL - PRODUCTION OF DOCUMENTS (Doc. No. 24)**
>
> **FILED:** May 25, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** **MOTION TO COMPEL DISCOVERY - INTERROGATORIES (Doc. No. 25)**
>
> **FILED:** May 25, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On May 25, 2007, Plaintiff Helen Montgomery filed and served the present motions seeking an order compelling Defendant Florida First Financial Group, Inc. (Florida First), to

respond to her First Request for Production of Documents (doc. no. 24), and to provide answers to her First Set of Interrogatories (doc. no. 25). Montgomery also requests the attorneys' fees incurred in bringing the present motions.

Montgomery indicates that while Florida First has provided some documents, it has not provided any formal response to her requests for production, despite representations by its counsel to discuss the requests. Montgomery further indicates that Florida First has failed to respond to the interrogatories at all.

Pursuant to the Case Management and Scheduling Order, Florida First was required to file a response to the motions within eleven days after it was served, plus three days for mailing time. Doc. No. 15 at 5 n.2. Florida First has not filed a response to the motions as of the writing of this order, and the time for doing so has passed. Therefore, I treat the motions as unopposed.

Accordingly, it is **ORDERED** that, on or before July 13, 2007, Florida First shall produce documents within its possession, custody, or control for inspection and copying responsive to the Montgomery's First Request for Production of Documents. All objections to the requests, other than privilege or protection, have been waived by Florida First's failure to assert them in a timely response to the requests. To the extent that Florida First asserts that responsive documents, or portions thereof, are privileged or protected, it must assert those objections as to each document, or portion thereof, withheld from production in a privilege log served on or before July 13, 2007. To the extent that Florida First does not have documents responsive to the requests for production, it must so state in a properly served response.

It is further **ORDERED** that, on or before July 13, 2007, Florida First shall serve complete sworn answers to the Montgomery's First Set of Interrogatories. All objections to the

interrogatories, other than privilege or protection, have been waived by Florida First's failure to assert them in a timely response to the interrogatories. To the extent that Florida First asserts that information responsive to the interrogatories is privileged or protected, Florida First must assert those objections to each item of information withheld in a privilege log served on or before July 13, 2007.

The privilege log produced by Florida First, if any privileges or protections are asserted, shall set forth the privilege or protection relied upon and specify as to each item or information, document, or portion thereof, withheld from production the following information:

- a. The name and job title or capacity of the author or speaker;
- b. The name and job title or capacity of each recipient or listener;
- c. The date the information or document was learned or prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);
- d. The title and description of the information or document;
- e. The subject matter addressed in the information or document;
- f. The purpose(s) for which it was prepared or communicated; and
- g. The specific basis for the claim that it is privileged.

The privilege log must be adequate on its face to establish *prima facie* support for the claimed privilege or protection. *See, e.g.,* Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5 (S.D.N.Y. Nov. 20,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.1987)).

Montgomery also seeks an award of the reasonable expenses she incurred in bringing the present motion. Specifically, Montgomery seeks attorney's fees as follows: 2.9 hours incurred preparing the motion to compel responses to the requests to produce (doc. no. 24), and 1.7 hours incurred preparing the motion to compel answers to interrogatories (doc. no. 25), billed at her counsel's customary rate of $350.00 per hour, for a total of $1,610.00.

Such relief is provided for under Federal Rule of Civil Procedure 37(a)(4) when a motion to compel is granted and there is no showing that the objections made to the discovery were substantially justified or that other circumstances make an award of expenses unjust. Having filed no response to the motion, Florida First has not presented any basis to conclude that its failure to respond to the discovery request was substantially justified or that other circumstances make an award of expenses unjust. I find, in the absence of objection, that the requested number of hours worked and the requested hourly rate are reasonable.

Accordingly, it is **ORDERED** that, on or before July 13, 2007, Florida First shall tender to counsel for Montgomery the sum of $1,610.00 to compensate her for the attorneys' fees she incurred in bringing the present motions.

**DONE** and **ORDERED** in Orlando, Florida on June 19, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties