**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HELEN MONTGOMERY,**

                **Plaintiff,**

**-vs-**                                 **Case No. 6:06-cv-1639-Orl-31KRS**

**FLORIDA FIRST FINANCIAL GROUP, INC.,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No. 27)** |
| **FILED:** | **June 27, 2007** |

On May 25, 2007, Plaintiff Helen Montgomery filed motions to compel Defendant Florida First Financial Group, Inc. (Florida First) to respond to her First Request for Production of Documents (doc. no. 24) and to provide answers to her First Set of Interrogatories (doc. no. 25). After Florida First failed to respond within the appropriate time, I entered an order granting both motions. Doc. No. 26. At Montgomery's request, and pursuant to Federal Rule of Civil Procedure 37(a)(4), I ordered that Florida First tender to counsel for Montgomery "the sum of $1,610.00 to compensate her for the attorneys' fees and costs she incurred in bringing" the motions. *Id*. at 4.

Florida First now moves for the reconsideration of this order "to the extent that it imposes monetary sanctions" against Florida First. Doc. No. 27 at 6. Montgomery filed a response in opposition that also raises arguments regarding the sufficiency of some of the discovery that has been

provided. Doc. No. 28. However, Montgomery also "recognizes that [the sufficiency of the discovery responses] is probably not ripe." *Id*. at 7.

In support of its motion, Florida First argues that during the period when responses to the motions were due, its lead counsel in this matter, Frederick Vollrath, Esq., was busy because of an upcoming family wedding and anticipated international travel. Doc. No. 27 at 2. Attorney Vollrath left his office on June 7, 2007. *Id.* Because the anticipated international travel was of an extended duration, Attorney Vollrath prepared a mail forwarding order so that mail would be delivered to alternative counsel (Timothy Condon, Esq.). However, because of problems with that order, some of Florida First's discovery responses, which were signed and mailed on June 5, 2007, were only delivered to Attorney Condon on June 25, 2007. That discovery has now been sent to counsel for Montgomery.

Montgomery argues that reconsideration would be inappropriate because her counsel attempted, without success, to coordinate with Attorney Vollrath regarding the discovery responses on many occasions before filing the motions to compel and before Attorney Vollrath left for the wedding and international travel. *See* Doc. No. 28-2.

Courts in this district have identified three principal grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla.1999); *Gelles v. Skrotsky*, 15 F. Supp. 2d 1293, 1294 (M.D. Fla. 1998); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla.1994).

Florida First has not identified any intervening change in controlling law or shown the availability of new evidence. It appears that Attorney Vollrath could have responded to the discovery requests, or the motions to compel, before leaving his office. If Attorney Vollrath was unable to finish the work before leaving, he could, and should, have notified co-counsel so that co-counsel could have responded to the discovery requests or motions to compel. His failure to do so precludes a finding that allowing the sanctions to stand would work any manifest injustice.

Furthermore, even assuming that the mailed discovery had been delivered in the regular course, it was not sent until June 5, 2007, which was after the motions to compel were filed. Rule 37(a)(4) provides that if discovery is produced after the filing of a motion to compel, the Court may still award sanctions. Therefore, the fact that the discovery was belatedly produced provides no basis for reconsideration of the previous order.

Based on the foregoing, Defendant's Motion for Reconsideration, doc. no. 27, is **DENIED**. Because the motion was limited to the award of a monetary sanction, the Court will not address any of Montgomery's other arguments. The parties must engage in good faith discussions about any discovery issues before bringing any subsequent motions.

**DONE** and **ORDERED** in Orlando, Florida on July 20, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties